UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 20-61123-CIV-CANNON/HUNT

AGNES D. JOHN,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner for Social Security,
    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

THIS CAUSE is before this Court on the Parties' Cross Motions for Summary Judgment. ECF Nos. 28, 29. The Honorable Aileen M. Cannon, United States District Judge, referred this Matter to the undersigned United States Magistrate Judge for a Report and Recommendation. ECF No. 26; *see also* 28 U.S.C.A. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motions and the Responses thereto, the entire case file, the applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Plaintiff's Motion for Summary Judgment, ECF No. 28, be DENIED and that Defendant's Motion for Summary Judgment, ECF No. 29, be GRANTED.

## **BACKGROUND**

Agnes John ("Plaintiff") filed an application for a period of disability and Disability Insurance Benefits ("DIB") on October 31, 2017, alleging disability beginning on June 15, 2017. ECF No. 20 at 175–81. The Social Security Administration ("SSA") denied her

claim at the initial and reconsideration levels. ECF No. 20 at 100–02, 107–12. A hearing on Plaintiff's disability claim took place on July 12, 2019. ECF No. 20 at 107–12. An Administrative Law Judge ("ALJ") issued an unfavorable decision denying Plaintiff's claim. ECF No. 20 at 17–28. The Appeals Council denied Plaintiff's request for review of the ALJ's unfavorable decision. ECF No. 20 at 7–14. Plaintiff now seeks judicial review of the ALJ's decision.

## Social Security Framework

To determine whether a claimant is disabled, the Social Security Regulations outline a five-step process:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functioning capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

Here, at step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 15, 2017. ECF No. 20 at 22. At step two, the ALJ found that Plaintiff had the following combination of severe impairments: disorders of the spine and status post bilateral knee replacements. *Id.* At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404. *Id.* at 23. After careful consideration of the entire record, at step four, the ALJ found that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b). *Id.* at 23.

At step five, the ALJ found that the claimant was not capable of performing past relevant work as a head nurse and a dialysis technician nurse.  *Id.* at 26.  However, the ALJ determined that Plaintiff acquired work skills from past relevant work that are transferrable to other occupations with jobs existing in significant numbers in the national economy. ECF No. 20 at 28.  As a result, the ALJ found that Plaintiff was not disabled.  *Id.* at 28.

## **STANDARD OF REVIEW**

Judicial review of the ALJ's decision in a disability case is "limited to an inquiry into whether there is substantial evidence to support the findings of the [ALJ], and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d, 1219, 1221 (11th Cir. 2002) (citing 42 U.S.C. § 405(g)).  Whether the ALJ applied the correct legal standards is a question of law, which this Court reviews de novo. *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982)).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)).  In determining whether substantial evidence exists, the court must scrutinize the record in its entirety, "taking into account evidence favorable as well as unfavorable to the decision." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, the court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  Even if the evidence preponderates against the ALJ's decision, the reviewing court must affirm if the

decision applies the correct legal standard and is supported by substantial evidence. *See Crawford*, 363 F.3d at 1158–59.

## ANALYSIS

Plaintiff makes two arguments in support of her request to reverse the ALJ's decision and remand this case for further proceedings. First, Plaintiff argues that the ALJ failed to apply the correct legal standards to her treating doctor's opinion. Second, Plaintiff argues that the ALJ who rendered an unfavorable decision did not have lawful authority to hear and decide her claim. Each argument will be addressed in order.

I.      Dr. Coats' Opinion

The SSA has adopted new regulations that apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c. This new regulatory scheme no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion. *See Matos v. Comm'r of Soc. Sec.*, No. 21-11764, 2022 WL 87144, at *4 (11th Cir. Jan. 10, 2022). Under the new regulations, an ALJ should focus on the persuasiveness of medical opinions and prior administrative medical findings by looking at five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. 20 C.F.R. § 404.1520c(c)(1)–(5).

The ALJ may, but is not required to, explain how she considered factors other than supportability and consistency, which are the most important factors. *Id.* § 404.1520c(b)2. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior

4

administrative medical finding(s) will be." *Id.* § 404.1520c(c)(1).  And "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2).  Put differently, the ALJ's analysis considers whether the medical source's opinion is (1) supported by the source's own records and (2) consistent with the other evidence of record. *Vachon v. Comm'r of Soc. Sec.*, No. 6:20-cv-1521-MRM, 2022 WL 458604, at *5 (M.D. Fla. Feb. 15, 2022).

  Plaintiff asserts that the ALJ failed to explain why the opinion of Plaintiff's medical source, Dr. Coats, was inconsistent with the overall record.  Plaintiff claims the ALJ supported her conclusion that Dr. Coats' opinion was inconsistent with the record by noting that the record showed that Plaintiff was single, lived alone, performed her own household chores, and was able to drive and travel.  Plaintiff argues that the ALJ failed to explain how these daily activities conflicted with Dr. Coats' opinion.  Plaintiff also asserts that the ALJ's finding that Dr. Coats' opinion was outweighed by the opinions of the State Agency doctors is not based on the correct legal standard.  Plaintiff argues that the opinion of a non-examining reviewing physician is entitled to little weight.  Further, Plaintiff contends that the State Agency doctors reviewed neither Dr. Coats' opinion nor Plaintiff's pain management records, which were introduced after the proceedings.

  The Commissioner responds that the ALJ properly considered Dr. Coats' opinion along with the other evidence in assessing Plaintiff's RFC using the new set of regulations that became effective on March 27, 2017.  The Commissioner contends that the new regulations no longer require the ALJ to follow certain procedures related to considering

5

opinions from treating sources; rather, the ALJ must focus on the persuasiveness of a medical opinion or prior administrative medical finding using five factors. The Commissioner argues that substantial evidence supports the ALJ's evaluation of Dr. Coats' opinions.

Here, the undersigned finds that substantial evidence supports the ALJ's evaluation of Dr. Coats' opinion. The ALJ found portions of Dr. Coats' opinion dated July 23, 2018, to be partially persuasive. ECF No. 20 at 26. The ALJ found his assertions that Plaintiff could not return to the prior work of a dialysis nurse to be consistent with the overall record and the RFC she constructed. *Id.* However, the ALJ found Dr. Coats' opinion that Plaintiff could not return to work due to her back condition to be vague and lacking a function-by-function analysis, which is required. *Id.* The undersigned agrees. Dr. Coats' opinion mentions that he expects Plaintiff's back impairment to prevent her from returning to work permanently but does not conduct a function-by-function analysis. Further, this vague statement could be seen as being related only to returning to work as a dialysis nurse and not other jobs in the national economy.

The ALJ found Dr. Coats' opinion dated November 14, 2018, to be unpersuasive. *Id.* The ALJ found his opinion that Plaintiff could perform less than a full range of sedentary work to be overstated. *Id.* The ALJ supported her opinion based on evidence that Plaintiff was able to drive, travel, and perform household chores, as well as the opinions of the four State Agency doctors who affirmed that Plaintiff could perform light work with postural limitations. ECF No. 20 at 26. The ALJ further discounted Dr. Coats' opinion due to the fact that he stated Plaintiff should elevate her legs but his records were devoid of any instruction to Plaintiff that she should do so. *Id.* Additionally, the ALJ found

Dr. Coats' assertion that Plaintiff could not lift more than ten pounds to be inconsistent with the overall record. In support, the ALJ referenced the four State Agency doctors and their opinions, which contradicted Dr. Coats' assertion. *Id.* Further, progress reports from Dr. Gupta, another of Plaintiff's treating doctors, on October 17, 2018, detail that Plaintiff had no disabling complaints, was pleasant and alert, and had no muscle pains or weakness. ECF No. 20 at 25. Additionally, Dr. Gupta throughout 2018 recommended that Plaintiff continue to exercise and eat a low-fat diet. ECF No. 20 at 26. The ALJ also noted that several treatment notes indicated Plaintiff had still been working. *Id.* ECF No. 20 at 25. As a result, the ALJ found that the State Agency doctors' opinions were more persuasive as they have program knowledge and had access to the entire case record.[1]

Thus, the undersigned finds that substantial evidence supports the conclusion that the ALJ applied the correct legal standards with respect to Dr. Coats' opinion.

II. Separation of Powers

Plaintiff next argues that on the date of her unfavorable decision there was no validly appointed Commissioner of Social Security, as the agency's removal provision, 42 U.S.C. § 902(a)(3) ("removal provision"), violates the Constitution's separation of powers framework. As a result, Plaintiff asserts the delegation of authority from then-Commissioner Andrew Saul to the ALJ is constitutionally defective. Thus, as there was

---

1. Plaintiff contends, and the Commissioner concedes, that two of the four State Agency doctors could not have reviewed Dr. Coats' November opinion because two of the State Agency doctors rendered their opinions prior to this date. The undersigned finds such an argument unavailing. Two of the State agency doctors had access to Dr. Coat's opinion, and their opinions are consistent with the opinions of the two previous State agency doctors' opinions who did not have access. In any event, the ALJ reviewed all of the relevant evidence, including Dr. Coats' opinions, and determined that they were inconsistent.

7

no properly appointed Commissioner and the delegation of authority was constitutionally defective, Plaintiff alleges that she was deprived of a valid adjudicatory process.

The Commissioner responds that the Parties agree that the removal provision violates separation of powers to the extent it is construed as limiting the President's authority to remove the Commissioner without cause. But the Commissioner argues that this fact alone without more does not support setting aside an unfavorable SSA disability benefits determination. The Commissioner contends that Plaintiff has not shown that the removal restriction actually caused her harm. The Commissioner further contends that Plaintiff cannot establish any nexus between the removal restriction and the appointment of the ALJ who denied her claim. Additionally, the Commissioner states that the ALJ who adjudicated Plaintiff's claim held office under an appointment legally ratified in July 2018 by then-Acting Commissioner Berryhill. Thus, the Commissioner argues that in her acting capacity Berryhill was removable at will, which refutes any suggestion of a nexus between the removal provision's tenure protection for a confirmed Commissioner and the ALJ's appointment.

Plaintiff's claim relates to the Supreme Court's decision in *Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183 (2020). In *Seila Law*, the Supreme Court found that the removal statute governing the Consumer Financial Protection Bureau ("CFPB") violated separation of powers principles because it prevented the President from removing the CFPB Director without cause. *Id.* at 2197. Similarly, In *Collins v. Yellin*, 141 S. Ct. 1761 (2021), the Supreme Court considered a challenge to a provision restricting the removal of the director of the Federal Housing Finance Agency ("FHFA") that once again prevented the President from removing the agency's director

8

without cause. However, to obtain retrospective relief, the Supreme Court held that a plaintiff must show that "an unconstitutional provision . . . inflict[ed] compensable harm." *Collins*, 141 S. Ct. at 1788–89, 1788 n.24 (stating that *Seila's* holding does not mean that "actions taken by such an officer are void *ab initio* and must be undone").

Plaintiff's argument is essentially that the ALJ's decision is void due to the unconstitutional nature of the agency's removal provision. In opposition, the Commissioner raises several arguments, chief among them: Plaintiff has failed to show that the removal provision inflicted any harm. Plaintiff counters that she has suffered the following injuries:

1. Plaintiff did not receive a constitutionally valid hearing and adjudication from an ALJ to which Plaintiff was entitled.
2. Plaintiff did not receive a constitutionally valid decision from an ALJ to which Plaintiff was entitled.
3. Plaintiff received an unfavorable decision from this constitutionally illicit ALJ adjudication process.
4. Plaintiff did not receive a constitutionally valid process from the SSA's Appeals Council to which Plaintiff was entitled.
5. Plaintiff did not receive a constitutionally valid determination by the Appeals Council to which Plaintiff was entitled.

In *Vickery v. Commissioner of Social Security,* the plaintiff alleged that she did not receive a constitutionally valid hearing, adjudication, and decision because the ALJ who rendered her decision did not have a proper delegation of power because the Commissioner's statutory tenure protection violated separation of powers principles. No. 5:21-cv-122-PRL, 2022 WL 252464, at *3 (M.D. Fla. Jan. 27, 2022). The court dismissed the plaintiff's constitutional claim on the grounds that plaintiff's purported injuries were conclusory; plaintiff set forth no facts showing plausible harm as a result of the Commissioner's statutory protections; and, thus, Plaintiff could not demonstrate that the provision itself "inflict[ed] compensable harm." *Id.*

Similarly, here, the undersigned finds that Plaintiff has not identified how the removal provision at issue caused her compensable harm. Like the plaintiff in *Vickery*, Plaintiff's alleged injuries are nothing more than conclusory allegations. In fact, Plaintiff's alleged injuries are identical to those raised by the plaintiff in *Vickery*. However, Plaintiff has not set forth any facts, other than these conclusory allegations, that show any connection between the removal provision and any possible harm to Plaintiff. Further straining the nexus between the removal provision and any compensable harm to Plaintiff is the fact that the ALJ who rendered the decision held office under an appointment legally ratified by then-Acting Commissioner Berryhill, who was not subject to the removal provision's protection. *See Helms v. Comm'r of Soc. Sec.*, No. 3:20-CV-589-MOC, 2021 WL 5710096, at * 3 (W.D.N.C. Dec. 1, 2021) (holding that even if the plaintiff were somehow injured by the ALJ's decision, the ratification of the ALJ's appointment by Acting Commissioner Berryhill "adequately cured any such injury," since the Acting Commissioner was not protected from removal from office).

Although the Supreme Court in *Collins* did not directly address the issue raised herein, Justice Kagan foreshadowed its outcome:

> [T]he majority's approach should help protect agency decisions that would never have risen to the President's notice. Consider the hundreds of thousands of decisions that the [SSA] makes each year. The SSA has a single head with for-cause removal protection; so a betting person might wager that the agency's removal provision is next on the chopping block ... [b]ut given the majority's remedial analysis, I doubt the mass of SSA decisions—which would not concern the President at all—would need to be undone. That makes sense.... When an agency decision would not capture a President's attention, his removal authority could not make a difference— and so no injunction should issue.

*Collins*, 141 S. Ct. at 1802 (Kagan, J., concurring). Justice Kagan's reasoning, as well as other decisions from other districts within this Circuit, support the undersigned's

10

conclusion that there is no evidence in the instant action to support a nexus between the removal provision and any compensable harm to Plaintiff.  *Id.*; *see also Tibettes v. Comm'r of Soc. Sec.*, No. 2:20-cv-872-SPC-MRM, 2021 WL 6297530, at *3 (M.D. Fla. Dec. 21, 2021); *Vickery*, 2022 WL 252464, at *4; *Perez-Kocher v. Comm'r of Soc. Sec.,* No. 6:20-cv-2357-GKS-EJK, 2021 WL 6334838, at *4–5 (M.D. Fla. Nov. 23, 2021); *Helms,* 2021 WL 5710096, at * 3*.*

Plaintiff has not asserted any clear allegations that Acting Commissioner Saul's unconstitutional tenure resulted in harm to her.  The ALJ's decision here was based upon the factual record and the application of established law, which generally cannot be changed by the Commissioner.  Plaintiff, like the other plaintiffs in the cited cases, has neither shown a nexus between the removal restrictions and her claim, nor has she plausibly alleged that the statutory tenure protection affected the ALJ's decision or caused her harm.  Therefore, the undersigned recommends that Plaintiff's Motion for Summary Judgment be denied on the constitutional claim.

## RECOMMENDATION

For the reasons set forth above, the undersigned hereby RECOMMENDS that Plaintiff's Motion for Summary Judgment ECF No. 28, be DENIED, and that Defendant's Motion for Summary Judgment, ECF No. 29, be GRANTED.

Within seven (7) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  A response to any objection shall be filed within seven (7) days of the objection to this Report and Recommendation.  28 U.S.C. § 636(b)(1);

S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); see Thomas v. Arn, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 1st day of March 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Aileen M. Cannon
All Counsel of Record