UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 20-61123-CIV-CANNON/HUNT

AGNES D. JOHN,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner for Social Security,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiff's Opposed Motion to Remand. ECF No. 31. The Honorable Aileen M. Cannon, United States District Judge, referred this Matter to the undersigned United States Magistrate Judge for a Report and Recommendation. ECF No. 26; *see also* 28 U.S.C.A. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motion, Response and Reply thereto, the entire case file, the applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Plaintiff's Motion to Remand, ECF No. 31, be DENIED.

## BACKGROUND

Agnes John ("Plaintiff") filed an application for a period of disability and Disability Insurance Benefits ("DIB") on October 31, 2017, alleging disability beginning on June 12, 2017. ECF No. 20 at 175–81. The Social Security Administration ("SSA") denied her claim at the initial and reconsideration levels. ECF No. 20 at 100–02, 107–12. A hearing on Plaintiff's disability claim took place on July 12, 2019. ECF No. 20 at 107–12. An

Administrative Law Judge ("ALJ") issued an unfavorable decision denying Plaintiff's claim. ECF No. 20 at 17–28.  The Appeals Council denied Plaintiff's request for review of the ALJ's unfavorable decision.  ECF No. 20 at 7–14.  Plaintiff seeks judicial review of the ALJ's decision.

On February 2, 2022, Plaintiff filed the instant motion to remand pursuant to sentence six of 42 U.S.C. §405(g) due to new evidence presented for the first time in the District Court.  ECF No. 31.  Defendant filed a response in opposition to the remand and Plaintiff filed a reply.  ECF Nos. 33, 36.

## **DISCUSSION**

### *Parties' Arguments*

Plaintiff asserts that there is new and material evidence entitling Plaintiff to a remand so that an ALJ can examine the evidence and render a new decision. Specifically, Plaintiff contends that a different ALJ issued a fully favorable decision on January 6, 2022, which found that Plaintiff was disabled as of August 9, 2019, two days after the ALJ in this case rendered her unfavorable decision dated August 7, 2019. Plaintiff argues that this favorable decision is new, non-cumulative, and material evidence as there is a reasonable possibility that such evidence would change the administrative outcome of this case.

The Commissioner responds that Plaintiff has failed to show that the favorable decision is material.  The Commissioner contends that a subsequent fully favorable decision for a completely different time period is immaterial.  The Commissioner points out that the subsequent decision found that Plaintiff was disabled as of August 9, 2019, her alleged onset date.  However, the case before this Court has an alleged disability

onset date of June 15, 2017, with the non-favorable decision being issued on August 7, 2019.  The Commissioner asserts that Plaintiff also failed to provide the evidence which the January 6, 2022, ALJ decision was based upon.  The Commissioner further contends that, even if Plaintiff did provide such evidence, substantial evidence still supports the ALJ's decision rendered in this case in 2019.  Accordingly, the Commissioner argues that Plaintiff's subsequent favorable decision does not raise a reasonable possibility of changing the 2019 decision, and thus the instant motion to remand should be denied.

Plaintiff replies that the subsequent favorable decision does suggest that Plaintiff should have been found disabled by the ALJ in the 2019 unfavorable decision. Specifically, Plaintiff claims that the vocational expert's testimony from December 13, 2021, constitutes new and material evidence that conflicts with the vocational expert's testimony in the unfavorable decision.

*Analysis*

Sentence six of 42 U.S.C. § 405(g) provides as follows:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

To be entitled to a sentence six remand, a claimant must "establish that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level." *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 821 (11th Cir. 2015) (quoting *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986)).

The Eleventh Circuit has held that a subsequent favorable disability decision is not newly discovered evidence. *Hunter*, 808 F.3d at 821 ("A decision is not evidence any more than evidence is a decision."). In fact, the Eleventh Circuit conclusively stated that the Ninth Circuit's decision in *Luna v. Astrue*, 623 F.3d 1032 (9th Cir. 2010), a case Plaintiff relies upon for support to remand this action, is wrong. *Id.* at 822. "Nonetheless, the evidence supporting a subsequent favorable decision may constitute new and material evidence under § 405(g)." *Medders v. Soc. Sec. Adm., Comm'r*, No. 21-11702, 2022 WL 222719, at *3 (11th Cir. Jan. 26, 2022).

Plaintiff's only explanation of the supporting evidence in the fully favorable decision is that the vocational expert in the subsequent hearing testified that Plaintiff did not have skills that can transfer to other occupations within her residual functional capacity. However, the undersigned does not find that the vocational expert's testimony and the favorable decision qualify as new evidence. Further, the undersigned does not find the alleged "new evidence" to be so probative that there is a reasonable possibility such evidence, if considered, would change the administrative result here.

Plaintiff asserts that the vocational expert in the unfavorable decision initially concluded that Plaintiff did not have any transferrable skills. However, Plaintiff alleges that the vocational expert changed her testimony upon further questioning from the ALJ. Upon review, the undersigned notes that it does not appear from the testimony that the vocational expert changed a firmly-held opinion. Rather, the vocational expert simply responded to the ALJ's questions to the best of her knowledge. Additionally, Plaintiff fails to explain whether the vocational expert in the favorable decision received similar questioning. Further, as *Hunter* explained, even faced with the same record different

4

ALJs could reach opposite conclusions, but both decisions could be supported by substantial evidence. *See Hunter*, 808 F.3d at 822 ("Because of that possibility, the mere existence of a later favorable decision by one ALJ does not undermine the validity of another ALJ's earlier unfavorable decision or the fact findings upon which it was premised."). This same reasoning could be applied to vocational experts' opinions. Finally, Plaintiff fails to cite any cases that support her position that a different vocational expert's later testimony should be considered new evidence, or that such testimony can possibly change the administrative outcome of the first decision.

Therefore, the undersigned finds that Plaintiff's subsequent favorable decision is not new evidence for the purposes of §405(g). Further, the undersigned does not find that the vocational expert's testimony in the favorable decision is so probative that there is a reasonable possibility that it would change the administrative result. Thus, the undersigned recommends that Plaintiff's Motion to Remand be DENIED.

## RECOMMENDATION

For the reasons set forth above, the undersigned hereby RECOMMENDS that Plaintiff's Motion to Remand be DENIED.

Within seven (7) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). A response to any objection raised shall be filed within seven (7) days of the objection to this Report and Recommendation. The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained

in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 1st day of March 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Aileen M. Cannon
All Counsel of Record